**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.  CR-13-50199-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Gregory Jackson, | |
| Defendant. | |
| ——————————————— | |
| Joyride Logistics, LLC, | |
| Garnishee. | |

Defendant Gregory Jackson has filed a motion for modification of writ of garnishment.  Doc. 11.  The Court will deny the motion.

**I.    Background.**

In August 2011, Defendant was sentenced to 18 months in prison and ordered to pay $32,1997.45 in restitution for theft of government property.  Doc. 1-2.  On March 25, 2026, the government served a writ of garnishment on Defendant's employer, Joyride Logistics, LLC ("Garnishee").  Doc. 8.  The writ directed Garnishee to withhold 25% of Defendant's non-exempt earnings.  *Id.* at 2.  Garnishee answered the writ on March 30, 2026, explaining that Defendant was employed by Garnishee on the date the writ was served and that Garnishee anticipated owing Defendant earnings on a weekly basis.  Doc. 10.

## II.    Discussion.

Defendant asserts in his motion that a garnishment of 25% of his earnings, as sought by the government, would create a financial hardship. Doc. 11 at 1-2. Defendant requests a reasonable payment arrangement and a hearing on the motion. *Id.* at 3.[1]

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, governs the use of writs of garnishment to recover a judgment on a debt. Under § 3202(d) of the FDCPA, "[f]inancial hardship, in and of itself, does not warrant relief because it is not a permissible defense to garnishment[.]" *United States v. Thede*, No. CR-19-50100-001-TUC-JGZ (BGM), 2020 WL 1952595, at *1 (D. Ariz. Apr. 23, 2020); *see also United States v. Moussa*, No. CR-01-01136-002-PHX-SMM, 2022 WL 4112073, at *2 (D. Ariz. July 29, 2022) ("Financial hardship is not a 'permissible defense to raise under 28 U.S.C. § 3202(d).'" (citation omitted)); *United States v. Ray*, No. CR-20-00780-001-PHX-DJH, 2022 WL 1289304, at *2 (D. Ariz. Apr. 29, 2022) ("A claim of financial hardship is not a valid reason under § 3202(d) to contest garnishment."). The Court will deny Defendant's motion because he seeks to modify the garnishment based solely on financial hardship.

Section 3205(c)(5) of the FDCPA provides that, "[w]ithin 20 days after receipt of the [garnishee's] answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing." 28 U.S.C. § 3205(c)(5). Defendant is not entitled to a hearing under § 3205(c)(5) because he does not object to Garnishee's answer, and instead seeks a modification of the government's writ of garnishment. *See* Doc. 11 at 1-2; *see also United States v. Pettigrew*, No. 3:10-CV-2142-M, 2011 WL 900545, at *2 (N.D. Tex. Mar. 14, 2011) ("Defendant has not filed an objection to the garnishee's answer as contemplated by § 3205(c)(5), only to the garnishment itself, and she is therefore not entitled to a hearing under § 3205(c)(5)."); *United States v. Page*, No. 1:13CV119, 2013 WL 2945070, at *5 (N.D.W. Va. June 14, 2013) ("[T]he defendant's request for hearing

---

[1] Defendant does not contend that the government failed to follow the procedural requirements for a writ of garnishment and the record reflects that the garnishment is proper.

2

was not in response to the garnishee's answer, so he is not entitled to a hearing under [§ 3205(c)(5)].").[2]

**IT IS ORDERED** that Defendant's motion for modification of writ of garnishment (Doc. 11) is **denied**.

Dated this 29th day of May, 2026.

David G. Campbell
Senior United States District Judge

---

[2] The government notes, correctly, that Defendant does not claim any statutory exemption from garnishment that might warrant a hearing. Doc. 12 at 3 (citing *United States v. Christensen*, No. CR14-08164-PCT-DGC, 2022 WL 3647831, at *4 (D. Ariz. Aug. 24, 2022) ("[A]ny hearing on garnishments must be limited to determining the validity of claimed exemptions [and] the government's compliance with statutory requirements . . . . Defendant claims no statutory exemption and does not contend that the government has failed to satisfy statutory requirements.")).